JUAN MASINI ET AL., Plaintiffs and Appellants, *v.* THE PEOPLE OF PUERTO RICO, Defendant and Appellee.

No. 7388.—Decided June 2, 1938.

*R. Soltero Peralta* for appellants. *B. Fernández García, Attorney General,* and *M. Rodríguez Ramos, Assistant Attorney General,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In the opinion delivered in support of the judgment of the 11th of last March by virtue of which the judgment rendered by the District Court of San Juan in this case was affirmed, there was said in part the following:

"We are inclined to believe that there was no error; but even if this were not so, in view of the broad terms in which section 1 of Act No. 76 of 1916 (Laws, p. 151) was amended by Act No. 11 of 1928 (Laws, p. 130), we would in any event have to hold that

the judgment be sustained since from the face of the complaint it appears that the causes of action sought to be brought are prescribed in accordance with section 9 of Act No. 76 of 1916 above referred to, which expressly provides that all actions against the People of Puerto Rico shall prescribe if the suit is not begun within one year after the cause of action arises as construed in connection with Section 4 thereof as amended in 1928, as follows:

" ' . . . . *Provided, however,* that every plaintiff, as condition precedent to commencing such suit, must furnish a bond satisfactory to the court in the sum of two thousand (2,000) dollars in answer for costs; *Provided,* That the court shall have power to exempt from giving bond such persons as, on account of their poverty, may not be able to do so.'

"The facts giving rise to the cause of action occurred on November 29, 1931, the original complaint having been filed without the requisite bond on November 23, 1932.

"The action thus sought to be commenced was dismissed on June 25, 1935, the new complaint having been filed in November of 1935.

"The averment that the plaintiffs were not able to furnish the bond, is without merit since the act itself provides how the difficulty in such cases can and should be solved."

In a motion for reconsideration filed by the appellants they maintain that in deciding the question of prescription, the argument which appeared in a brief with regard to that question was not given due consideration. They insist that their contention was and is the following:

"That admitting as a true fact that the plaintiffs did not put up the cost bond required by law, when they filed their original complaint, such omission does not affect the interruption of the prescriptive period resulting from the filing of said complaint. In other words, that the filing of the complaint, without the giving of a bond served effectively to interrupt the limitation period."

They admit that "there is no specific precedent upon this question," but they say that the fact that "a special statute prescribes that the giving of a bond is a condition precedent to the filing of the complaint" can not be taken as a basis "upon which to do violence to the fundamental principles of the law." And they express as one of the fundamental prin-

ciples violated that "in order to interrupt the prescriptive period nothing more than an overt act of the claimant showing his decision to resort to a court can be required." They maintain that "this is why the summoning of the defendant is not necessary in order to show such act." And they add that "the omission to summon the defendant is therefore fundamentally similar to the omission to give a bond," and hence the following commentary from Manresa is applicable:

"Such is, in short, the legal rule established for the civil interruption of the acquisitive prescription; but in the prescription of actions the viewpoint is broader and very different.

"Thus, in the first place, none of the exceptions of section 1946 already cited have any application, as has been held by the Supreme Court in its judgment of January 4, 1901.

"Furthermore, the mere filing of the complaint is sufficient to effect an interruption without the necessity of waiting until the service of summons, contrary to what happens in the prescription as to title in which, since the interruption is caused by the attack on the possession of the person in whose favor the prescription is running and by the loss of the peaceful character of said possession and of its being held in good faith and as owner, the service of summons on the defendant is indispensable so that the possessor may be notified of the attack on his possession and oppose or acquiesce in the proceedings. But in the prescription of actions such a requisite is unnecessary, because as the extinction of the cause of action is based on its lack of exercise, it is sufficient to exercise it in order to have the cause and reason for its prescription cease. (12 Manresa, *Comentarios al Código Civil*, pages 883, 884.)

The fact that we omitted to discuss the argument of the appellants in our opinion of March 11th last, does not mean that we did not give it due consideration. Convinced of its lack of merit, as in many other cases, in order not to extend our opinion unnecessarily, we confined ourselves to an exposition of the essential facts and of the applicable law to arrive at the conclusion demanded by them.

The appellants themselves refer to the statute regulating the case as a special enactment. The general principle is that a sovereign, here the People of Puerto Rico, can not be

sued without its own consent. Through its legislature and with the approval of its executive, the People of Puerto Rico has consented to be sued in certain cases and under certain conditions, pursuant to the special act in question. One of the requisites which it expressly characterized as a condition precedent, is that of the bond. If the bond is not furnished, if such a condition precedent is not complied with, the suit can not be commenced. The filing of the first complaint without this requisite, can not therefore be given any legal effect for the purpose of interrupting the prescriptive period. It should not even have been filed by the clerk of the district court, and if it was, such filing is as if it had never existed.

The summoning of a defendant is a step which follows the filing of the complaint. It presupposes a commenced action. It is not to be compared therefore with the failure to comply with a condition, without which an action can not be prosecuted nor a suit begun nor a complaint filed. This is why the argument of the appellants lacks decisive force.

The motion for reconsideration should therefore be denied.